FILED'06 JAN 24 07:25USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| VERNON D. STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-6058-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income disability benefits. Plaintiff asserts disability beginning December 31, 1999, due chronic pain, fibromyalgia, emphysema, an ulcer, asthma, arthritis, lack of a

1 - ORDER

spleen, twisted pelvis, and hepatitis C. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled.

Plaintiff contends the ALJ erred in: (1) improperly rejecting the opinion of plaintiff's treating physician, Dr. Michael Pylman; and (2) improperly evaluating plaintiff's testimony.

Dr. Pylman treated plaintiff on a monthly basis for two years. Tr. 334. Dr. Pylman diagnosed plaintiff with fibromyalgia and myofascial pain after finding plaintiff positive for eight of eighteen fibromyalgia tender points. Tr. 332. Dr. Pylman opined that plaintiff could not work for greater than a four-hour day and would be absent from work more than four times a month. Tr. 334. The ALJ rejected this opinion. Tr. 16-17.

Where an ALJ chooses to disregard the opinion of a treating physician, she must set forth clear and convincing reasons for doing so if the treating physician's opinion is not contradicted by another doctor. Fife v. Heckler, 767 F.2d 1427, 1431 (9th Cir. 1985). If a treating physician's opinion is contradicted by another doctor and the ALJ wishes to disregard the opinion, the ALJ must set forth "specific, legitimate reasons for doing so that are based on substantial evidence in the record." Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). To meet this burden the ALJ must set out a detailed analysis and thorough summary of the facts and conflicting clinical evidence, state her interpretation thereof, and make

2 - ORDER

findings. Embrey v Bowen, 849 F.2d 418, 421 (9th Cir. 1988). The rationale for giving a treating physician's opinion greater weight is that he is employed to cure and has a greater opportunity to know and observe the patient as an individual. Winans v. Bowen, 820 F.2d 1519, 1523 (9th Cir. 1987).

The ALJ rejected Dr. Pylman's opinion because "of its inconsistencies with the objective medical evidence as a whole." Tr. 17. The ALJ noted that plaintiff testified to cooking for himself and three year old daughter, does grocery shopping, takes care of his daughter, watches television, and is able to lift his 30 pound daughter. Tr. 17. The ALJ also asserts that plaintiff's pain treatment has been routine and conservative in nature and that no surgery has been recommended. Tr. 17.

Dr. Pylman's opinion was based on personal observation and detection of trigger points. The ALJ's assertion that the objective medical evidence does not support Dr. Pylman's opinion does not provide a specific and legitimate reason for discrediting the opinion. The ALJ primarily relied on a non-treating, non-examining physician who opined plaintiff could engage in light work. Tr. 263-70. However, the ALJ may not discredit a treating physician's opinion simply because it is inconsistent with another source's opinion, particularly a non-examining source. The ALJ does not point to conflicting clinical evidence. The ALJ notes some unremarkable x-rays, but also notes a complete soft tissue exam that showed multiple

3 - ORDER

tender points. Tr. 16, 251. Thus, the ALJ discredits Dr. Pylman's opinion simply because it is contradicted by a non-examining source.

It is unclear if the ALJ's reasons for discrediting plaintiff through recitation of daily activities and assertion of routine pain treatment are also reasons asserted for discrediting Dr. Pylman. If so, the record does not contradict Dr. Pylman's opinion in this regard.

Plaintiff's testimony regarding daily activities while including some cooking and child care does not appear to support work activity of more than four hours a day or the need to miss work four days per month. See Tr. 364 (need to take daughter to babysitter sometimes once a week, sometimes not at all, sometimes more); Tr. 365 (doesn't do much household chores, used to do cooking); Tr. 366 (pushes cart for grocery shopping, once in a while does yard work); Tr. 367 (watches television ten to twelve hours a day); Tr. 371 (does not lift his daughter often because it causes pain). Such activities are not inconsistent with Dr. Pylman's opinion.

Plaintiff's treatment included many pain medications including methadone and there is no evidence to indicate that surgery is a viable treatment for fibromyalgia. The ALJ's assertion that such treatment is "routine" does not provide a specific and legitimate reason for discrediting Dr. Pylman's opinion.

The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court.

4 - ORDER

Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing Stone v. Heckler, 761 F.2d 530 (9th Cir. 1985)). Remand is appropriate where further proceedings would be likely to clear up defects in the administrative proceedings, unless the new proceedings would simply serve to delay the receipt of benefits and are unlikely to add to the existing findings. McAllister v. Sullivan, 880 F.2d 1086 (9th Cir. 1989).

Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, the court generally credits that opinion as a matter of law. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir.1989). Dr. Pylman's opinion establishes disability because the vocational expert testified that a person who could only work four hours per day or had four absences per month would be unemployable. Tr. 376. Accordingly, remand for further proceedings is unnecessary.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and the case remanded for an award of benefits.

DATED this 23rd day of Jan., 2006.

Michael C. Hogan
UNITED STATES DISTRICT JUDGE

5 - ORDER